# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAMONA GROVES**, | Case No.: 13-CV-2259 YGR |
| Plaintiff, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING, CONTINUING MOTION HEARING** |
| vs. | |
| **KAISER FOUNDATION HEALTH PLAN INC.,** *et al.*, | |
| Defendants. | |

Now before the Court is Defendants' Motion to Dismiss the First Amended Complaint of Plaintiff Ramona Groves. (Dkt. No. 17 ("Mot.")) As set forth below, the Court **REQUIRES** supplemental briefing of issues raised by Defendants' challenge to Plaintiff's equitable estoppel claim and **CONTINUES** the motion hearing scheduled for October 15, 2013.

The parties have framed their dispute over the viability of Plaintiff's equitable estoppel claim principally in terms of whether Plaintiff can satisfy the Ninth Circuit test first articulated in *Greany v. Western Farm Bureau Life Insurance Co.*, 973 F.2d 812 (9th Cir. 1992). If applied, that test would allow Plaintiff's claim to proceed only if it implicated an ambiguous term of the subject plan.

Both parties assume that the Ninth Circuit test controls here, or at least could control.[1] Neither party, however, has squarely addressed the antecedent question of whether Plaintiff's claim implicates *any* term of the plan by requiring the Court to interpret the plan's language. The Ninth Circuit authorities cited to the Court thus far involve situations where courts have been called upon

---

[1] The Court is aware of Plaintiff's argument that the facts of this case call for application of out-of-circuit equitable estoppel standards.

to interpret written plan terms, that is, to parse the meaning and effect of plan language.² None of them involve a situation like that presented here, where overpayment has resulted not from an interpretive act, but from an apparent data entry error. Moreover, except for *Renfro*, the cases cited are not overpayment cases; they are cases where plaintiffs sought to extract future benefits from a plan, as opposed to retaining a benefit already paid. As to *Renfro*, the Court notes that the plan at issue there specifically provided for recoupment of overpayments. *See* 686 F.3d at 1050. Neither party has cited to a provision of the plan at issue here which so provides. For these reasons, the Court is not satisfied that Defendants' cases control. Neither, however, is it satisfied that Plaintiff has articulated a principled reason why the Court may disregard those cases. The parties' authorities do not directly address the precise question before the Court: whether 29 U.S.C. § 1132(a)(3)(B) authorizes this Court to estop an ERISA plan from recouping overpaid benefits where overpayment resulted from an apparent data entry error discovered only after substantial time had elapsed.

The parties are hereby **ORDERED** to file supplemental briefs responsive to that question. The supplemental briefs should assume the Court's familiarity with the facts alleged in the operative complaint and the arguments already raised in the parties' briefs, neither of which need be repeated. The supplemental briefs shall not exceed 8 pages, exclusive of any declarations or exhibits, and shall be filed no later than **October 29, 2013**. No responses are allowed.

The Court hereby **CONTINUES** the hearing on Defendants' Motion to Dismiss to **2:00 p.m. on November 12, 2013.**

**IT IS SO ORDERED.**

Dated: October 12, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

² *Hansen v. W. Greyhound Ret. Plan*, 859 F.2d 779 (9th Cir. 1988); *Greany*, 973 F.2d 812; *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517 (9th Cir. 1993); *Parker v. BankAmerica Corp.*, 50 F.3d 757 (9th Cir. 1995); *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326 (9th Cir. 1996); *Spink v. Lockheed Corp.*, 125 F.3d 1257 (9th Cir. 1997); *Renfro v. Funky Door Long Term Disability Plan*, 686 F.3d 1044 (9th Cir. 2012); *Hall v. Regence Bluecross Blueshield of Oregon/HMO Oregon*, CV 00-695-AS, 2001 WL 34041892 (D. Or. Mar. 6, 2001); *Parsons v. Bd. of Trustees of the Nevada Resort Ass'n - I.A.T.S.E. Local 702 Ret. Plan*, 2:12-CV-00299-LDG, 2013 WL 5324946 (D. Nev. Sept. 20, 2013).