**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAMONA GROVES,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**KAISER FOUNDATION HEALTH PLAN INC.,** *et al.***,**<br><br>     **Defendants.** | Case No.: 13-CV-2259 YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND AND DISMISSING CASE WITH PREJUDICE** |

On March 24, 2014, in a comprehensive Order, this Court dismissed the First Amended Complaint of plaintiff Ramona Graves, in part with prejudice and in part without prejudice. (Dkt. No. 43 ("March 24 Order").)[1]  The Court dismissed plaintiff's claim for equitable estoppel under the Employee Retirement Income Security Act ("ERISA") with prejudice.  The Court dismissed plaintiff's claims for negligence and negligent misrepresentation without prejudice, however, because defendants fell short of making the strong showing of futility required to withhold leave to amend.  (*Id.* at 15-16.)  The Court granted plaintiff leave to file a motion for leave to file a Second Amended Complaint. (*Id.* at 17.)  Plaintiff timely filed such a motion on April 22, 2014. (Dkt. No. 46 ("Motion"), Ex. A ("SAC").)  The Motion is fully briefed. (Dkt. Nos. 49, 50.)  The Court vacated oral argument on the Motion pursuant to Civil Local Rule 7-1(b). (Dkt. No. 51.)

Having fully considered the submissions of the parties and the authorities cited therein, the Court **DENIES** plaintiff's Motion.  Of the cases relied upon by plaintiff, many stand for nothing

---

[1] The March 24 Order was published as *Groves v. Kaiser Found. Health Plan Inc.*, --- F. Supp. 2d ---, 2014 WL 1285112 (N.D. Cal. Mar. 24, 2014).

more than the familiar presumption against federal preemption of areas of traditional state regulation. *See California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 325 (1997) (in holding that a California statute authorizing payment of reduced wages to apprentice contractors did not "relate to" an ERISA plan, assuming "that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress"); *Massachusetts v. Morash*, 490 U.S. 107, 118-19 (1989) (declining to include "routine vacation pay policies within ERISA" in part because "[t]he States have traditionally regulated the payment of wages, including vacation pay"). The remaining cases plaintiff cites, while somewhat more responsive to the question at hand, ultimately do not address the salient question of whether ERISA preempts common-law negligence and negligent misrepresentation claims predicated on gross miscalculation of retirement benefits and repeated statements of the miscalculated amounts. *See Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11 (1987) (holding that ERISA preempts state laws relating to retirement benefit plans, as opposed to benefits themselves); *California Hosp. Ass'n v. Henning*, 770 F.2d 856 (9th Cir. 1985) amended, 783 F.2d 946 (9th Cir. 1986) (holding that a California statute prohibiting forfeiture of vested paid vacation time was not preempted by ERISA); *Delaye v. Agripac, Inc.*, 39 F.3d 235 (9th Cir. 1994) (holding that the severance provisions contained in a single employee's for-cause employment contract did not comprise an ERISA "plan").

None of plaintiff's cases stand for the proposition that would allow her negligence claims to proceed in this litigation, namely, that the claims lacked "enough of a relationship" to administration of the subject ERISA plan "to warrant preemption." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 984 (9th Cir. 2001). As defendants point out (Dkt. No. 49 at 6-7), the fact that plaintiff seeks the remedy of lost wages does not, by itself, remove her negligence claims from the scope of ERISA's preemptive effect. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 136 (1990) (reversing Texas Supreme Court's determination that ERISA did not preempt a wrongful discharge suit solely because plaintiff was "not seeking lost pension benefits but [was] instead seeking lost future wages, mental anguish and punitive damages as a result of the wrongful discharge" (alteration in original)).

Plaintiff's proposed SAC confirms that plaintiff's negligence claims are preempted. Plaintiff asserts that defendant AON, the party allegedly responsible for calculating and communicating plaintiff's retirement benefits, "had a duty in executing accurate mathematical calculations with reasonable care" (*id.* ¶ 31) and "providing retirees with information regarding such calculations" (*id.* ¶ 37). Nothing in the proposed SAC nor in plaintiff's moving papers suggests that her negligence claims are the sort of "garden variety torts which only peripherally impact daily plan administration" and thus are not preempted by ERISA, notwithstanding their allegedly having been commissioned by an ERISA plan administrator. *See Dishman*, 269 F.3d at 984. On the contrary, the SAC confirms that the alleged torts were commissioned *in the course of* daily plan administration. (SAC ¶¶ 33 (alleging plan administrator calculated plaintiff's benefit incorrectly numerous times over the course of several months); 40 (alleging plan administrator communicated incorrect benefit amount despite knowing that 200 other employees in addition to plaintiff also were considering early retirement).) As such, the negligence and negligent misrepresentation claims contemplated by plaintiff's proposed SAC would be preempted by ERISA if plaintiff were permitted leave to file that amended pleading.

"A district court may deny leave to amend when amendment would be futile." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013). Here, granting plaintiff leave to file the proposed SAC, which asserts only preempted state-law claims, would be futile. Plaintiff's Motion for leave to file the SAC is therefore **DENIED**.

In the absence of an operative complaint, this case is hereby **DISMISSED WITH PREJUDICE**. Plaintiff shall take nothing by her Complaint.

This Order terminates Docket No. 46 and Civil Case No. 13-2259.

**IT IS SO ORDERED**.

Date: July 10, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3